## STEPHEN CRANE v. AARON BONNELL.

Where an absolute deed is executed, and by a different instrument the grantee agrees to re-convey to the grantor, upon the payment of a stipulated sum within a limited period, it is a question of intention whether the transaction constitutes a mortgage or a conditional sale.

To ascertain the intention of the parties, and to aid in the fair construction of the instrument, the circumstances attending the transaction may be resorted to.

If by the transaction the parties designed to create a mortgage, the time fixed for redemption is immaterial. If once a mortgage, it is always a mortgage.

But if the transaction was intended as a sale, with an agreement for a re-purchase within a given time, then that time is material.

If it be doubtful whether the particular transaction constituted a mortgage, or a conditional sale, equity regards it as a mortgage.

The same rule obtains, though the defeazance rests in parol.

If the defeazance be made at a subsequent day, it will relate back to the date of the deed.

THE bill in this cause was filed for the redemption of certain premises conveyed by the complainant to the defendant, by deed dated the third day of March, 1835. The deed was absolute upon its face. On the 6th of March, 1835, three days after the execution of the deed, the defendant, by a written instrument, leased the premises to the complainant for one year at a stipulated rent, and agreed to re-convey the same to the complainant provided he should pay to the defendant two thousand seven hundred and twenty-five dollars within two years from that date. The instrument contained a further stipulation, that if the redemption was not made within the time limited for that purpose

the privilege should cease. The answer insists that the deed was, as it purports to be, an absolute conveyance in fee, and that the subsequent agreement merely gave to the complainant the right of re-purchasing within the time limited.

The cause was heard upon the bill, answer, replication and proofs.

*F. B. Chetwood* and *J. J. Chetwood*, for complainant.

*B. Williamson* and *T. Frelinghuysen*, for defendants.

THE CHANCELLOR. The complainant, being embarrassed in his circumstances, in March, 1835, conveyed to the defendant his farm near Elizabeth-Town, for the consideration, as expressed in the deed, of two thousand seven hundred and twenty-five dollars. The deed is absolute on the face of it, and bears date on the third of March, eighteen hundred and thirty-five. It was the complainant's homestead, on which he had resided for many years. On the sixth of March, three days after the date of the deed, by writing under his hand, the defendant leased the same premises to the complainant for one year, at the rent of one hundred and twenty-five dollars, and further agreed to re-convey the property to the complainant, provided he should pay him the aforesaid sum of two thousand seven hundred and twenty-five dollars at any time within two years from that date, with a stipulation that if such redemption was not made within the time specified the privilege should end. The defendant did not pay cash for the property, but was to pay off the mortgages on the place, which amounted to about one thousand seven hundred dollars, and to assist the complainant in paying off executions and debts, which were then pressing upon him.

The bill charges that this deed, though absolute on its face, was never intended by the parties to be any thing more than a conveyance in the nature of a mortgage, to secure the defendant for any advances he might make for the complainant; and seeks to have an account stated between the parties, insisting that no-

[Crane v. Bonnell.]

thing is due him for advances, and also a re-conveyance of the property.

The defendant, in his answer, denies altogether the allegations of the bill respecting the character and object of the conveyance, and alleges that it was intended to be what it purports on its face to be, an absolute transfer of the property in fee. It might be difficult from the parol evidence alone, without the aid of the writings between them, to ascertain what was the original design of the parties; but I am very clear, whatever may have been said between them beforehand, we must suppose their final understanding was expressed in the writing in the nature of a defeazance, which was executed by the defendant on the sixth of March. It is to that mainly we must look; and it is only in aid of its fair construction, and to get at its true meaning, that the general circumstances attending the transaction are to be resorted to. If by this paper the parties intended nothing more than a mortgage, the time fixed for redemption is no way material. If once a mortgage, it is always a mortgage. But if it was intended to be a sale, with an agreement for a re-purchase within a given time, then that time is material. The distinctions on this subject are nice, but in case of doubt courts of equity consider the transaction a mortgage. The same rule obtains although the defeazance rest in a parol agreement, and if it be made at a subsequent day it will relate back to the date of the deed. *Dixon* v. *Parker*, 2 *Ves. sen.* 225; *Strong and others* v. *Stewart*, 4 *John. Ch. Rep.* 167; *James* v. *Johnson*, 6 *John. Ch. Rep.* 420; *Robinson* v. *Cropsey and others*, 2 *Edwards' Ch. Rep.* 138; 4 *Kent's Com.* 141–3; *Slee* v. *Manhattan Company*, 1 *Paige*, 56; *Marks* v. *Pell*, 1 *John. Ch. Rep.* 598.

It is, then, a question of intention, and it is proper, and the constant practice of the court, to get at this by looking not only at the writing itself, but into any extrinsic circumstances which may throw any light upon it; and upon a view of these, taken together, I am well satisfied that this deed must be treated as a mortgage.

What were the circumstances under which the complainant

conveyed his estate? He was hard pressed by his creditors, was working for the defendant, who professed to be his friend, and who in behalf of the complainant had actually applied to Jacob G. Crane to take a deed from the complainant to prevent his being turned out of doors. He told him he wished him to take the deed and hold the property until the complainant should have time to pay off his creditors, and not have his property sacrificed. Mr. Crane told him he could not take the deed as he had enough other business to attend to, but advised the defendant, as the complainant was working for him, to take the deed himself. This conversation was only the month before the date of the deed. To Periam Price the defendant said, he was going to take this deed to save himself for what he might advance for complainant; he said it was to secure as well his further advances as what he then owed him. William M. Crane, the complainant's son, who has always lived on the farm with him, says, that before the deed was given he heard the defendant tell his father that, in order to relieve himself from embarrassment, he ought to make a deed of his property to some person, until he could have time to turn himself; and after the deed was given, he heard the defendant say that he took the deed as security for any money he might advance for his father.

The possession has always remained in the complainant, and the whole course of the negociations with the complainant's creditors carry out the idea, not of the defendant's assumption of the debts himself, but of his acting as a friend desirous of preventing the complainant's entire destruction. We hear of no offering of the property by the complainant at the time for absolute sale; and in fact Mr. Jacob G. Crane states, that an application was made to him in the spring of eighteen hundred and thirty-five, which is the time the deed was given, to buy the property for three thousand five hundred dollars, which is seven hundred and seventy-five dollars more than the consideration stated in the defendant's deed, and the witness says the property was worth the three thousand five hundred dollars. The terms of the agreement also, so far as they form any criterion, speak

of it as a redemption of the property within a specified time, with a proviso, using very much the language of a mortgage.

From all these considerations, I cannot regard the transaction otherwise than as constituting a mortgage. From the evidence, I must believe such was the intention of the parties. In this court the rule has been laid down very strong and explicit in favor of considering these contracts in the light of mortgages. In *Youle* v. *Richards, Saxton*, 537, the chancellor says, "Whenever it can be clearly shown to be the intention of the parties that real estate when conveyed shall be subject to redemption, it is considered as a mere security, and the right of redemption cannot be confined to a limited time, or to a particular class of persons."

But treating this as a case of a sale with a condition for a repurchase, as contended for by the defendant's counsel, the complainant might redeem by paying back the consideration money at any time before the sixth of March, eighteen hundred and thirty-seven, by the terms of the contract. It is shown that the defendant admitted, that sometime previous to the eighth of March, eighteen hundred and thirty-seven, complainant had called on him for a deed, and applied for a settlement of accounts, which he refused. It is further proved, that when the complainant demanded a deed, on the eighth day of March, eighteen hundred and thirty-seven, he told the defendant that he was able to pay him for all he had paid for him, and was ready to do so. It would seem that the complainant had been trying before this to get his accounts settled with the defendant, but could not. The defendant, it is evident, meant if possible to hold the property, and did not wish to have it redeemed. There was on this point much jarring between the parties.

The complainant insists that he owes the defendant nothing on the score of advances, but has paid him by his labor and in other ways more than he ever paid for him. The consideration money, we know, was not paid by the defendant in cash, but was to be made up by his future advances. Under such facts, it seems to me that the complainant has, for all substantial pur-

poses, complied with the strict terms of the agreement for redemption within the time fixed.

Upon either construction, therefore, of this agreement, I consider the complainant entitled to redeem his farm upon paying the defendant for his advances; and for that purpose an account must be stated by a master between the parties, as prayed in the bill.    All other matters are reserved.

Decree accordingly.